AO 472  (Rev. 09/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the

Eastern District of Missouri

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No.  4:19 CR 663 SRC (PLC) |
| ANTON MOORE ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

**Part I - Eligibility for Detention**

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

**Part II - Findings of Fact and Law as to Presumptions under § 3142(e)**

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above.

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☐ Subject to lengthy period of incarceration if convicted
☒ Prior criminal history
☒ Participation in criminal activity while on probation, parole, or supervision
☒ History of violence or use of weapons
☒ History of alcohol or substance abuse
☒ Lack of stable employment
☐ Lack of stable residence
☒ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district
☐ Significant family or other ties outside the United States

☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☒ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☒ Prior violations of probation, parole, or supervised release

**OTHER REASONS OR FURTHER EXPLANATION:**

    At the detention hearing, the parties had no objection to the factual background information set forth in the Pretrial Services Bail Report dated 8/26/2019.  The parties proffered additional information which the undersigned has considered.  The undersigned adopts and incorporates by reference herein the facts set out in that Bail Report.  Pretrial Services recommends detention.
    The government proffered the facts and circumstances associated with the two gun charges in the instant Indictment.  The government asked the Court to take note of the fact that Defendant made threats to law enforcement after being arrested during the events that gave rise to the second gun charge.  The government noted that, even after the two events in question—which occurred in June and July of 2019—Defendant was arrested and charged in August 2019 with more crimes, including trespass, property damage, and possession of burglary tools.  Additionally, the government asked the Court to consider Defendant's criminal history, which includes felony convictions for resisting arrest and assault on a law enforcement officer, and that Defendant has had his probation revoked in the past.
    Defendant asked for release on conditions, noting that the State gave him a recognizance bond in the most recent (August 2019) trespassing case.  Defendant noted that, he was released from MDOC custody in May 2018 and he had more than a year without incident.  Defendant reported that he was shot in the back in April 2019, suggesting that the shooting resulted in his recent conduct.  Defendant noted that, although the Bail Report indicated he was unemployed, he had worked at various retail and food outlets and was looking for better work opportunities, including with a temp agency.

** CONTINUED ON ATTACHED SHEET(s) **

**Part IV - Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:      8/28/2019                          /s/ John M. Bodenhausen
                                                                                  UNITED STATES MAGISTRATE JUDGE

**OTHER REASONS OR FURTHER EXPLANATION:** (continued)

Defendant contends that location monitoring would reasonably ensure his appearance and the safety of the community.  Defendant believes he would benefit from mental health counseling, as well as drug testing and counseling.

Based on the record before the Court, the undersigned concludes that the government has met its burden of proof.  There is no condition, or combination of conditions, that would reasonably ensure the safety of the community.

Defendant was convicted in 2009, in St. Charles, MO, on multiple felony charges, including resisting arrest, tampering with a motor vehicle, and two counts of assault on a law enforcement officer.  Defendant received an SIS sentence with five years of probation.  In 2011, after Defendant was convicted on a felony burglary charge for which he received a four year prison sentence, Defendant's probation from the 2009 case was revoked and Defendant was sentenced to seven years of imprisonment.  Defendant's sentence expired in the institution.[1]  In 2012, Defendant was convicted of felony tampering and stealing a motor vehicle and sentenced to a term of imprisonment.

Defendant has a lengthy history of substance abuse, primarily involving marijuana dating back to his pre-teen years.  Defendant's substance abuse is even more concerning because Defendant has a history of untreated mental health concerns, including purported impulse control disorder.

Defendant's criminal history is concerning, but the conduct at issue in this case is also concerning.  For the limited purpose of deciding the issue of release or detention, the undersigned finds that the weight of the government's evidence is strong.  Defendant was arrested during the morning of June 2, 2019, and found to be in possession of a .40 caliber handgun, which was loaded with an extended magazine holding 24 rounds plus one round in the gun's chamber.  Defendant was also in possession of an unloaded 50 round drum magazine and marijuana.  Defendant was apparently released and he managed to re-arm himself because, on July 8, 2019, Defendant was arrested and found to be in possession a .25 caliber pistol.  After this July 8th arrest, Defendant reportedly threated to shoot the police, blow up the police station, and stab a corrections officer.  Defendant was, apparently, released again because, on August 20, 2019, Defendant was arrested by the St. Louis Police and charged with misdemeanor trespass, property damage, and felony possession of burglary tools.

The government's motion for pretrial detention is granted.

---

[1] At the detention hearing, Defendant proffered that his sentence expired in the institution because he did not seek release, not because of misconduct while incarcerated. Defendant proffered that a guard falsely accused him of misconduct, but he was acquitted of that charge. For the limited purpose of deciding the government's motion for detention, the undersigned accepts Defendant's proffer in this regard as stated.